1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9            CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| JOE LUIS BALDERAS,<br><br>    Plaintiff<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | Case No. 5:16-cv-01101-GJS<br><br>**MEMORANDUM OPINION AND<br>ORDER** |

## I.    PROCEDURAL HISTORY

Plaintiff Joe Luis Balderas ("Plaintiff") filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of his application for Disability Insurance Benefits ("DIB").  The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkt. 16, 17] and briefs addressing disputed issues in the case [Dkt. 22 ("Pltf.'s Br.") & Dkt. 23 ("Def.'s Br.")].  The Court has taken the parties' briefing under submission without oral argument.  For the reasons set forth below, the Court affirms the decision of the ALJ and orders judgment entered accordingly.

## II.    ADMINISTRATIVE DECISION UNDER REVIEW

On August 20, 2012, Plaintiff filed an application for DIB, alleging that he became disabled as of July 1, 2009.  [Dkt. 20, Administrative Record ("AR") 12,

134-140.]  The Commissioner denied his initial claim for benefits and then denied his claim upon reconsideration.  [AR 12; 77-81; 83-87.]  On July 1, 2014, a hearing was held before Administrative Law Judge ("ALJ") Nancy M. Stewart.  [AR 25-52.]  On December 31, 2014, the ALJ issued a decision denying Plaintiff's request for benefits.  [AR 9-23.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled.  *See* 20 C.F.R. §§ 404.1520(b)-(g)(1).  At step one, the ALJ concluded that Plaintiff has not engaged in substantial gainful activity since July 1, 2009, the alleged onset date.  [AR 14.]  At step two, the ALJ found that Plaintiff suffered from the following severe impairments: disorder of the cervical and lumbar spine, disorder of the right shoulder, and obesity.  [*Id.* (citing 20 C.F.R. § 404.1520(c)).]  Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.  [*Id.* (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526)]

The ALJ found that Plaintiff had the following residual functional capacity (RFC):

> [L]ight work as defined in 20 CFR 404.1567(b) except lift and carry 20 pounds occasionally and 10 pounds frequently; push and pull within those weight limits; stand and walk 6 hours out of 8; sit 6 hours out of 8 with normal breaks; no ladders, ropes, and scaffolds; no work hazards such as working at unprotected heights, operating fast or dangerous machinery, or driving commercial vehicles; noncomplex tasks because of pain; no jobs requiring hypervigilance or watching out for the safety of others; occasional contact with coworkers or public; and no need for intense contact with coworkers.

[AR 15.]  Applying this RFC, the ALJ found that Plaintiff was unable to perform his past relevant work, but determined that based on his age (46 years old) and limited education, he could perform representative occupations such as cleaner (DOT 323.687-014), retail marker (DOT 209.587-010), and assembler (DOT 729.687-010)

2

and, thus, is not disabled.  [AR 18-19.]  Plaintiff sought review from the Appeals

Council, which denied review.  [AR 1-6.]

### III.   GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to

determine if: (1) the Commissioner's findings are supported by substantial evidence;

and (2) the Commissioner used correct legal standards.  *See Carmickle v.*

*Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d

1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion."  *Richardson v.*

*Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see*

*also Hoopai*, 499 F.3d at 1074.

### IV.   DISCUSSION

**A. The ALJ Provided Specific And Legitimate Reasons For Assigning Dr.**

**    Lizarraga's Opinion No Weight**

Plaintiff contends that the ALJ erred by failing to articulate valid reasons for

rejecting the opinion of one of Plaintiff's treating physicians, Dr. Juan F. Lizarraga,

M.D.  [Pltf.'s Br. at 2-3.]  Specifically at issue is a November 21, 2012, letter from

Dr. Lizarraga in which he states that:

> [P]atient has been seen in this office since September
> 2005…for the following conditions: Hypertension,
> Dyslipidemia, Diabetes, Erectile Dysfunction, Left
> Cervical Radiculopathy, Degenerative Disc Dz of the
> Cervical Spine, Diabetes Neuropathy, S/P MI (Miocardia
> Infarction), Cellulites of the Left Testicle, Obesity, Neck
> Pain, and Vascular Calcification.  Due to his multiple
> medical problems he is currently disabled.

[AR 186.]

To reject the uncontradicted opinion of a treating physician, the ALJ must

provide clear and convincing reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

1995).  Where a treating physician's opinion is contradicted by another doctor's

opinion, an ALJ may reject the opinion if she provides "specific and legitimate

3

1  reasons" that are supported by substantial evidence in the record.  *Id.* at 830-31;

2  *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *Orn v. Astrue*, 495 F.3d

3  625, 632 (9th Cir. 2007).  "The ALJ can meet this burden by setting out a detailed

4  and thorough summary of the facts and conflicting clinical evidence, stating h[er]

5  interpretation thereof, and making findings."  *Magallanes v. Bowen*, 881 F.2d 747,

6  751 (9th Cir. 1989) (internal citations omitted).

7       In this case, Dr. Lizarraga's November 2012 conclusions are contradicted by

8  some of the other medical source evidence.  For instance, the state agency medical

9  consultants and consultative examining physician, Dr. Vincente R. Bernabe, found

10  some severe limitations, but also concluded that Plaintiff could perform "medium

11  work."  [16-17; citing Ex. 1A, 3A, 4F (AR 53-62, 64-73, 357-361).]  Thus, the

12  Court looks to see whether the ALJ provided specific and legitimate reasons to treat

13  Dr. Lizarraga's opinion as she did.

14       Having reviewed the entirety of the record, the Court agrees with the ALJ's

15  assessment of the opinion laid out in the November 2012 letter.  The unsupported

16  and conclusory nature of Dr. Lizarraga's opinion is a specific and legitimate reason

17  for assigning it no weight.  The Ninth Circuit has long held that "the ALJ need not

18  accept a treating physician's opinion which is brief and conclusory in form with

19  little in the way of clinical findings to support [its] conclusion."  *Magallanes*, 881

20  F.2d at 751 (internal quotation omitted); *see also Burrell v. Colvin*, 775 F.3d 1133,

21  1140 (9th Cir. 2014) ("[A]n ALJ may discredit treating physicians' opinions that are

22  conclusory, brief, and unsupported by the record as a whole or by objective medical

23  findings."  (emphasis and internal citation omitted)).

24       Here, the ALJ noted that Dr. Lizarraga's opinion that Plaintiff was "disabled"

25  due to his medical impairments was not supported by objective medical evidence.

26  [AR 17.]  While the opinion stated that Dr. Lizarraga's office had been treating the

27  Plaintiff since September 3, 2005, "the medical records d[id] not substantiate

28  treatment since that date."  In fact, ***none*** of the medical records that Plaintiff

4

provided came from Dr. Lizarraga's office.  [*See* AR 251-397.]  As the ALJ

explained, "[a] disability statement without accompanying medical evidence is

unhelpful."  The lack of supporting medical evidence for Dr. Lizarraga's

unexplained one page letter is a proper consideration that supports the ALJ's weight

determination.

The ALJ also noted that the letter was conclusory because it was "not specific

as to what [if anything] the claimant is able to do despite the impairments."  [AR

17]; *see Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995) (rejecting treating

physician's opinion that the claimant is disabled on the physician's failure to specify

functional limitations).  Rather than assessing Plaintiff's functional capacity, Dr.

Lizarraga's letter stated, "[d]ue to his multiple medical problems [Plaintiff] is

currently disabled."  However, as the ALJ correctly held, "whether a claimant is

disabled is an issue reserved to the Commissioner."  [*Id.*]; *see* 20 C.F.R. §

404.1527(d).  Accordingly, the ALJ's opinion contains specific and legitimate

reasons for its rejection of Dr. Lizarraga's November 2012 letter and remand is not

warranted on this basis.

## B. The ALJ Fully Met Her Obligation To Develop The Record

Plaintiff contends that the ALJ erred by failing to obtain relevant treatment

records from Dr. Lizarraga Medical Center, Inc. that would have supported Dr.

Lizarraga's opinion in his November 21, 2012 letter.  [Pltf.'s Br. at 5-7.]  The

Commissioner argues that it was Plaintiff who did not meet his burden to prove his

entitlement to benefits.  [Def.'s Br. at 2-3.]  The Court agrees.

It is unquestionable that Plaintiff cannot "be considered to be under a

disability unless he furnishes such medical and other evidence of the existence

thereof as the Secretary may require."  42 U.S.C. § 423(d)(5); *see* 20 C.F.R.

§ 404.1512(a) & (c).  Put another way, he bore the "duty to prove that []he was

disabled."  *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).  Although the

burden is on the claimant to show he is disabled, the Commissioner shares the

1  burden of developing the record evidence.  "In Social Security cases, the ALJ has a

2  special duty to fully and fairly develop the record and to assure that the claimant's

3  interests are considered."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005)

4  (internal quotation omitted).

5       Nonetheless, the ALJ is not a roving investigator; her duty to "to develop the

6  record further is triggered only when there is ambiguous evidence or when the

7  record is inadequate to allow for proper evaluation of the evidence."  *Mayes,* 276

8  F.3d at 459-60 (emphasis added); *see Webb*, 433 F.3d at 683 (explaining that the

9  duty to enlarge the record only arises if the evidence is ambiguous, the ALJ finds

10  that the record is inadequate, or the ALJ relies on an expert's conclusion that the

11  evidence is ambiguous).  "The ALJ may discharge this duty in several ways,

12  including: subpoenaing the claimant's physicians, submitting questions to the

13  claimant's physicians, continuing the hearing, ***or keeping the record open after the***

14  ***hearing to allow supplementation of the record***."  *Tonapetyan v. Halter*, 242 F.3d

15  1144, 1150 (9th Cir. 2001) (emphasis added) (internal citation omitted).

16       Here, the ALJ had sufficient medical records available such that the evidence

17  presented was not ambiguous.  However, given the statements of counsel at the

18  hearing that she had requested additional medical records, the ALJ held the record

19  open for supplementation.  [AR 29-32.]  That was all that was required for the ALJ

20  to comply with her duty to fully develop the record.  Plaintiff provided some

21  additional records, but none from Dr. Lizarraga.  [AR 391-397; AR 28 (noting

22  records admitted into evidence at hearing).]  It was Plaintiff's burden, not that of the

23  ALJ, to prove his entitlement to disability.  He failed to do so, and, even here,

24  nothing counsel has provided or pointed to indicates that records properly

25  supporting Dr. Lizarraga's opinion even exist.  Plaintiff, therefore, fails to

26  demonstrate reversible error.

27  ///

28  ///

6

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## V.   CONCLUSION

For all of the foregoing reasons, **IT IS ORDERED** that the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

**IT IS HEREBY ORDERED.**

DATED: December 05, 2016       _____

GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

7